IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:92-CR-26-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CALVIN ANTONIO SPENCER | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Amended Judgment and Commitment Order pursuant to Rule 36. This Motion argues that this Court's Judgment and Commitment Order should be amended such that Defendant's sentence begins to run on the day it was imposed, not the day he arrived in federal custody. For the reasons set forth herein, Defendant's Motion is DENIED.

Defendant Calvin Antonio Spencer is a federal prisoner currently incarcerated at the Federal Correctional Institute II in Butner, North Carolina ("FCI Butner"). On April 12, 1994, Defendant was sentenced by this Court to a 270 month term of imprisonment. On July 7, 1994, Defendant was sentenced in North Carolina State Court to a 20-year term of imprisonment consecutive to the previously imposed federal sentence. After these sentences were imposed, Defendant pled guilty in federal court to Attempted Escape and two counts of Assault on a Federal Officer. Defendant received an addition 77 month sentence to be served consecutive to the previously imposed federal and state sentences.

Rule 36 of the Federal Rules of Criminal Procedure provides that "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or

other part of the record, or correct an error in the record arising from oversight or omission." Defendant "asks that his federal sentence be substantively altered so that it will have commenced at a specified date. That relief is not within the ambit of Rule 36." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). Defendant's sentence was not the result of a clerical error. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584. And Defendant's sentences here specifically state that they are to run consecutively. Therefore, Defendant's Motion is DENIED.

SO ORDERED, this __1__ day of June, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE