IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:92-CR-26-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CALVIN ANTONIO SPENCER | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Reconsideration. On June 1, 2010, this Court denied Defendant's Motion for Amended Judgment and Commitment Order pursuant to Rule 36 because Defendant's sentence was not the result of a clerical error. As explained in the prior Order, Defendant's federal sentence began when he was received into custody to be transported to the facility at which his federal sentence is to be served. 18 U.S.C. § 3585(a). Defendant's federal sentence did not begin to run when he was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum or when the federal government filed a detainer with the State of North Carolina. *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998) (writ of habeas corpus ad prosequendum does not transfer primary jurisdiction); *Thomas v. Walen*, 962 F.2d 358, 360 (4th Cir. 1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.").

Defendant argues that the state court intended that his state sentence run concurrently and thus relinquished primary jurisdiction. Defendant's argument appears to be based on the North Carolina Commitment Order indicating that his state sentence would begin at the expiration of

his federal sentence. But this Order indicates that Defendant's sentences are to run consecutively. The fact that Defendant ended up serving his state sentence before his federal sentence does not alter the consecutive nature of these sentences. Moreover, even if Defendant's contention were accepted, "[i]t is well-settled that the state court's intent is not binding, so the state court's action raises the defendant's expectations, but does not resolve the issue." *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (citations omitted).

Defendant also argues that a clerical error was committed because the Marshall did not sign an executed judgment. But an executed judgment was signed and returned. DE #1. And even if it were not, the relief requested by Defendant falls outside the scope of the alleged error.

Therefore, for the above stated reasons and the reasons set forth in this Court's prior Order, Defendant's Motion for Reconsideration is DENIED.

SO ORDERED, this __6__ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE