IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:92-CR-26

CALVIN ANTONIO SPENCER,          )
                                 )
Petitioner,                      )
                                 )
v.                               )
                                 )
UNITED STATES,                   )
                                 )
Respondent.                      )          O R D E R
                                 )
_____  )

This matter is before the Court on Petitioner's Motion for Modification of Sentence

pursuant to 18 U.S.C. § 3582(c)(2)(DE # 19) and the Government's Motion to Dismiss (DE #

22). The Government's Motion to Dismiss is GRANTED.

I.      FACTS

Petitioner pled guilty to armed bank robbery in 1993. Since then he has tried to

collaterally attack his sentence several times. On October 22, 2004, for example, he filed a

motion to vacate his judgment under Fed. R. Civ. P. 60. This Court denied that motion on

December 1, 2004, finding that Petitioner's action constituted an untimely challenge to his

conviction under 18 U.S.C. § 2255.

II.     DISCUSSION

The Petitioner' instant Motion is dismissed as a successive 28 U.S.C. § 2255 petition.

Alternatively, the Motion is dismissed as untimely.

The Fourth Circuit has held that courts must classify pro se pleadings from prisoners

according to their contents, regardless of the label given in the caption. See United States v.

1

Blackstock, 513 F.3d 128, 131 (4th Cir 2008). Additionally, second or successive § 2255 petitions are prohibited unless the petitioner has secured permission from the appropriate court of appeals to file the petition. See, e.g., United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Petitioner motions for a reduction in his sentence. As this motion seeks post-conviction relief, it should be viewed as a petition under 28 U.S.C. § 2255. This is not Petitioner's first § 2255 petition and he has not secured permission from the Fourth Circuit to re-file. Thus, the Court has no jurisdiction to hear his Motion.

Moreover, the Court lacks jurisdiction to hear Petitioner's Motion because it is untimely. Under 28 U.S.C. § 2255(f), a petitioner has one year to file a motion challenging her conviction or sentence from "the date on which the judgment became final." Petitioner was sentenced in 1994, and several years have passed since his judgment became final. Thus, this Court has no power to give Petitioner his requested relief.

## CONCLUSION

Petitioner's Motion is DISMISSED.


SO ORDERED, this _28_ day of July, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2