IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:92-CR-26-BO-1
No. 2:12-CV-34-BO

| | | |
|---|---|---|
| CALVIN ANTONIO SPENCER, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 40 & 44]. In his motion, petitioner (Mr. Spencer) contends that his sentencing as a career offender was not proper in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc) and *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). The government has moved to dismiss Mr. Spencer's motion to Vacate [DE 51].

## BACKGROUND

On December 22, 1992, a grand jury charged Mr. Spencer in a two-count indictment as follows: Count One charged petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and Count Two charged petitioner with use of a firearm during a crime of violence, in violation of 18.U.S.C. § 924 (c). On August 2, 1993, prior to the conclusion of a jury trial, the petitioner pled guilty to the crimes charged in the indictment.

On April 12, 1994, the petitioner was sentenced by this Court. Due to the petitioner's criminal history he was sentenced as a career offender. The Court sentenced the petitioner to a 210-month term of imprisonment on Count One and a consecutive 60-month term of imprisonment on Count Two. The Court also imposed a five-year term of supervised release on

Count One and a three-year term of supervised release on Count Two. Petitioner filed an appeal, arguing that this Court erred in sentencing him as a career offender. The Fourth Circuit affirmed the judgment of this Court. *See United States v. Spencer*, 1994 WL 584686 (4th Cir. 1994). Subsequently, the petitioner filed a petition for writ of certiorari, which was denied by the Supreme Court on February 21, 1995. *Spencer v. United States*, 512 U.S. 1180 (1995).

On July 5, 2012, the petitioner filed the instant motion to vacate pursuant to 18 U.S.C. § 2255. Mr. Spencer asserts that he is no longer a career offender based on the Fourth Circuit's opinion in *United States v. Simmons*. The government has moved to dismiss the petitioner's motion as untimely.

## DISCUSSION

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Mr. Spencer argues that his motion is timely under § 2255(f)(3) & (4).

Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period.

2

*Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). As Mr. Spencer's claims are not supported by any court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4), the instant petition is untimely.

Further, equitable tolling is not available to render Mr. Spencer's petition timely. This Court has earlier held that cases such as this could be deemed timely under § 2255(f)(3), finding that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), is retroactive on collateral review and that equitable tolling could apply if a petition was filed within a short time of the holding in *Simmons*. *See e.g. Mathis v. United States*, 7:09-CR-139-BO, 2012 WL 1156438 (E.D.N.C. April 6, 2012). The Fourth Circuit has recently held, however, that the rule announced in *Carachuri-Rosendo* is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, No. 11-6152, 2012 WL 3553630 *5 (4th Cir. August 20, 2012). Accordingly, Mr. Spencer's motion to vacate is also untimely under § 2255(f)(3). As the Court is unaware of any basis upon which to find the petition timely under the remaining provisions of § 2255(f), the Court must dismiss Mr. Spencer's petition.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas

petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the issue of timeliness is adequate to deserve encouragement to proceed further. Therefore, the Court hereby ISSUES petitioner a certificate of appealability as to a review of the finding that the petition is untimely.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss is

4

GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DISMISSED. A certificate of appealability is ISSUED as to the finding that the petition is untimely.

SO ORDERED, this __6__ day of February, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE