IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:92-cr-26-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CALVIN ANTONIO SPENCER | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

In April 1994, the Court sentenced defendant to a total term of 270 months' imprisonment following guilty pleas to bank robbery and possession of a firearm in connection with a crime of violence. Defendant was also sentenced to (1) a 20-year term in state court in July 1994 following convictions for drug, firearm, and assault offenses, and (2) 77 months for attempted escape and aggravated assault on a federal officer, 25 months of which were ordered to run consecutive to the federal sentence in this action. *See United States v. Spencer*, 5:94-CR-54-BR. Defendant's projected release date is March 28, 2024.

In June of this year, defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion

---

[1] Pub. L. 115-391, 132 Stat. 5194.

Case 2:92-cr-00026-BO   Document 84   Filed 07/31/20   Page 1 of 3

for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). The commentary to section 1B1.13 of the United States Sentencing Commission's advisory *Guidelines Manuel* provides criteria for determining whether extraordinary and compelling circumstances are present. U.S.S.G. § 1B1.13, comment. n.1. These criteria generally concern the age, medical condition, or family circumstances of the defendant.

In addition to considering whether extraordinary and compelling circumstances are present, a court must further consider the 18 U.S.C. § 3553(a) factors and determine whether the defendant is a danger to the safety of another or the community as provided in 18 U.S.C. § 3142(g).

Here, the § 3553(a) factors caution against relief. In the latter half of 1992, defendant committed five violent robberies of banks, during which he locked employees in vaults and communicated threats to their physical safety. Given such violent conduct, after considering the relevant factors, the Court believes that the sentence imposed in this action remains sufficient, but not greater than necessary, to advance with the purposes of sentencing set forth § 3553(a). The Court, therefore, denies defendant's motion.

2

## CONCLUSION

Defendant's motion for compassionate release [DE 72] is DENIED. The motion to seal [DE 80] is GRANTED.

SO ORDERED, this __30__ day of July, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE